Russell Brown
CHAPTER 13 TRUSTEE
Suite 800
3838 North Central Avenue
Phoenix, Arizona 85012-1965
602.277.8996

UNITED STATES BANKRUPTCY COURT

DISTRICT OF ARIZONA

| In re | Chapter 13 |
|---|---|
| JANINE ANN WHELAN, | Case No. 2-19-bk-11415-SHG |
| | **TRUSTEE'S RECOMMENDATION** |
| Debtor. | |

The Trustee has reviewed the Plan, Schedules, and Statement of Financial Affairs. Subject to the resolution of the following issues, the Plan will meet Code requirements and the Trustee will recommend confirmation:

1. Schedule J available disposable income is $8,669.00 per month, while the proposed Plan payment is $4,050. In order to avoid a disposable income objection by the Trustee, the Order Confirming Plan must include the following provision: Unsecured creditors shall be paid 100% of allowed claims before the Plan shall be deemed completed.

2. The proof of claim filed by First Guaranty Mortgage/Rushmore Loan Management Services, #15, list arrears of $3,276.64. The Trustee has considered the claim amount in his analysis of the Plan.

3. The Stipulated Order Confirming Plan must include the following provision in Section (C)(2):

(a) Rushmore Loan Management Services, secured by a first deed of trust in the Debtor's residence, shall be paid pre-petition arrears of $3,276.64, with 0% interest.

(b) Trustee will begin disbursing mortgage payments beginning October 2019. The conduit payment shall be paid by the Trustee for the duration of the Plan unless otherwise ordered. For any month when the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and any adequate protection payments on personal property that have become due, the amount due for that month will be paid to the creditor on the next disbursement date when the Debtor's account balance has sufficient funds to pay a full conduit payment.

(c) If and when a Notice of Payment Change is received, the Trustee will adjust the Plan payment to reflect the decrease or the increase in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an Order of the Court or a modification of the Plan.

(d) If mortgage lender files any additional notices for post-petition fees and expenses, within 21 days of the notice, the Debtor will submit an amended SOC to the Trustee. The amended SOC must provide for payment of the additional expenses, plus trustee fee, and increase the plan yield accordingly.

4. The proof of claim filed by Flagship Credit Acceptance, #14, is less than provided for in the Plan. The Order Confirming Plan must provide for payment of the claim balance, $19,447.91, with interest and adequate protection payments as provided in the Plan.

5. The priority portion of the proof of claim filed by the Arizona Department of Revenue, #3-2, is $4,848.81. The Order Confirming Plan must provide for payment of this amount.

- 2 -

6. The Statement of Financial Affairs # 15, and bank account statements disclose gambling losses. The Trustee advises the Debtor that post-petition gambling losses must be limited to the amount of recreation expense in Schedule J and the Trustee will oppose any motion for moratorium or waiver or payment due to gambling losses. The Trustee requires that any proposed order confirming plan provide that "The Debtor shall not seek a plan modification or motion for moratorium due to post-petition gambling debt or the diversion of income for gambling activities."

7. Other requirements:

(a) Due to the possibility of errors on the claims docket, it is the attorney's responsibility to review all proofs of claim filed with the Court and resolve any discrepancies between relevant claims and the Plan prior to submitting any proposed Order Confirming Plan to the Trustee. Also, when counsel provides a proposed order confirming plan to the Trustee, counsel must file or create a notice on the Court docket. L.R.B.P. 2084-13(b).

(b) Requests by the Trustee for documents and information are not superseded by the filing of an amended plan or motion for moratorium.

(C) The Trustee will object to any reduction in the Plan duration or payout in a proposed Order Confirming Plan unless an amended or modified plan is filed and noticed out.

(D) The Trustee requires that any proposed Order Confirming Plan state: "The Plan and this Order shall not constitute an informal proof of claim for any creditor."

(E) To expedite the order review process, counsel must use the recommended form for the order confirming plan found at www.chapter13.info.

(F) The order confirming plan **must** be accompanied by a cover letter that goes over the Trustee's Recommendation items by each paragraph. If counsel fails to use the order form and

- 3 -

provide such letter, the Trustee will reject the proposed order outright and the time to comply with the Recommendation is not extended.

(G) Any order confirming plan to provide that the Debtors will give the Trustee a copy of the 2019 - 2023 federal and state income tax returns, including all attachments, forms, schedules and statements, within 14 days of filing them.

(H) Nothing in the Plan or Order Confirming Plan is to alter counsel's obligation to represent the Debtors. Counsel is to represent the Debtor(s) in all matters regardless of the fee agreement until the Court issues an order permitting counsel to withdraw or the case is closed.

(I) According to Paragraph II.H.3. of the "Administrative Procedures for Electronically Filed Cases," as governed by Local Rule 5005-2(e), the Debtors' attorney is to retain the original signatures of all signatories to the Stipulated Order Confirming Plan (other than that of the Trustee). Pursuant to Local Rule 2084-13(c), the Trustee will upload the proposed Order Confirming a plan or granting a motion for a moratorium.

(J) The proposed order confirming plan, any responses to this recommendation, and documents submitted in response to this recommendation are to be submitted to Cheryl Turner in the Trustee's office.

**Plan payment status**: The Debtor's interim payments of $4,050.00 each are current through due date November 7, 2019. Subsequent payments are due each following month. Debtor may access case information from the Trustee's office, such as plan payments received, by going to www.ndc.org. Then, click the box that says Get Started. It's Free! and follow the instructions.

**Pursuant to Local Rule 2084-10(b), the Debtor must provide the following by January 7, 2020, or the Trustee will file a notice of intent to lodge an order dismissing the case:**

(a) Pay to the Trustee the sum of $8,100.00.

SUMMARY: Pursuant to Local Rule 2084-10(b), Debtor is to resolve all of the above issues and provide the Trustee with a proposed order confirming plan that meets the above requirements, or the Debtor must file an objection to the Recommendation and obtain a hearing date. If neither is accomplished, then the Trustee could file a notice of intent to lodge a dismissal order.

Russell Brown
2019.12.05
18:13:19 -07'00'

Copy mailed or emailed to:

JANINE ANN WHELAN
6241 EAST BECK LANE
SCOTTSDALE, AZ 85254

PHOENIX FRESH START
THOMAS ADAMS MCAVITY
4602 E. THOMAS RD., SUITE S-9
PHOENIX, AZ 85028

Cheryl Turner
2019.12.06
09:25:20
-07'00'

*cturner@ch13bk.com*

- 5 -