THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF ARIZONA

| In re | CHAPTER 13 |
|---|---|
| JANINE ANN WHELAN | CASE NO. 2-19-BK-11415-SHG |
| | **STIPULATED ORDER CONFIRMING FIRST CHAPTER 13 PLAN** |
| Defendant | |

The Chapter 13 First Plan having been properly noticed out to creditors and any objection to confirmation having been resolved,

**IT IS ORDERED** confirming the First Plan ("Plan") of the Debtors as follows:

(A) **INCOME SUBMITTED TO THE PLAN.** Debtors shall submit the following amounts of future income to the Trustee for distribution under the Plan.

(1) Future Earnings or Income. Debtors shall make the following monthly Plan payments:

| Months | Amount |
|---|---|
| 1-1 | $3,000 |
| 2-60 | $4,050 |

The payments are due on or before the 7th day of each month commencing October 7, 2019. Debtors are advised that when payments are remitted late, additional interest may accrue on secured debts which may result in a funding shortfall at the end of the Plan term. Unsecured creditors shall be paid 100% of allowed claims before the Plan shall be deemed completed.

The Debtors shall provide to the Trustee copies of their federal and state income tax returns,

- 1 -

In re Whelan
Case No. 2-19-BK-11415-SHG

including all attachments, forms, schedules and statements, for post-petition years 2019 - 2023 within 14 days of filing them.

*TM* (2) Other Property. None. In the event other property is submitted, it shall be treated as supplemental payments.

(B) **DURATION**. This Plan shall continue for 60 months from the first regular monthly payment described in Paragraph (A)(1) above. If at any time before the end of the Plan period all claims are paid, then the Plan shall terminate. In no event will the term of the Plan be reduced to less than 60 months, exclusive of any property recovered by the Trustee, unless all allowed claims are paid in full.

(C) **CLASSIFICATION AND TREATMENT OF CLAIMS**. Claims shall be classified as listed below. The Plan and this Order shall not constitute an informal proof of claim for any creditor. This Order does not allow claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. The Trustee shall receive the percentage fee on the Plan payments pursuant to 28 U.S.C. § 586(e), then the Trustee will pay secured creditors or allowed claims in the following order:

(1) Administrative expenses:
   Attorney Fees. Tom McAvity, shall be allowed total compensation of $4,500. Counsel received $49 prior to filing this case and will be paid $4,451 by the Chapter 13 Trustee.
(2) Claims Secured by Real Property:
   (a) Rushmore Loan Management Services, secured by a first deed of trust in the Debtor's residence, shall be paid pre-petition arrears of $3,276.64. with 0% interest.
   (b) Trustee will begin disbursing mortgage payments beginning October 2019. The conduit payment shall be paid by the Trustee for the duration of the Plan unless otherwise ordered. For any month when the balance on hand in Debtor's account is insufficient to allow disbursement of the conduit payment and any adequate protection payments on personal property that have become due, the amount due for that month will be paid to the creditor on the next disbursement date when the Debtor's account balance has sufficient funds to pay a full conduit payment.
   (c) If and when a Notice of Payment Change is received, the Trustee will adjust

- 2 -

In re Whelan
Case No. 2-19-BK-11415-SHG

Case 2:19-bk-11415-SHG   Doc 26   Filed 03/03/20   Entered 03/03/20 12:02:02   Desc
Main Document    Page 2 of 4

the Plan payment to reflect the decrease or the increase in the mortgage payment. The Trustee is authorized to disburse the new mortgage conduit payment without seeking an Order of the Court or a modification of the Plan.

(d) If mortgage lender files any additional notices for post-petition fees and expenses, within 21 days of the notice, the Debtor will submit an amended SOC to the Trustee. The amended SOC must provide for payment of the additional expenses, plus trustee fee, and increase the plan yield accordingly.

(3) Claims Secured by Personal Property:

(a) Flagship Credit Acceptance, secured by a lien in a 2016 Hyundai Sonata Sport, shall be paid a secured claim of $19,447.91 with 6.0% interest. The creditor will receive adequate protection payments of $450.00 per month. The balance of the debt shall be classified as unsecured.

(4) Unsecured Priority Claims:

(a) Arizona Department of Revenue shall be paid an unsecured priority claim of $4,848.81 with no interest for income tax years 2015, 2016 and 2018. The balance of the debt shall be classified as unsecured nonpriority.

(5) Surrendered Property.

(a) None.

(6) Other Provisions:

(a) The Debtor shall not seek a plan modification or motion for moratorium due to post-petition gambling debt or the diversion of income for gambling activities

(7) Unsecured Nonpriority Claims. Claims allowance is determined by § 502 and the Federal Rules of Bankruptcy Procedure. Allowed unsecured claims shall be paid 100% of allowed claims before that Plan shall be deemed completed. Any unsecured debt balances remaining unpaid upon completion of the Plan may be discharged as provided in 11 U.S.C. § 1328.

(D) **EFFECTIVE DATE AND VESTING.** The effective date of the Plan shall be the date of this Order. Property of the estate vests in Debtors upon confirmation, subject to the rights of the Trustee to assert a claim to any additional property of the estate pursuant to 11 U.S.C. § 1306.

- 3 -

In re Whelan
Case No. 2-19-BK-11415-SHG

Case 2:19-bk-11415-SHG    Doc 26    Filed 03/03/20    Entered 03/03/20 12:02:02    Desc
Main Document    Page 3 of 4

**ORDER SIGNED ABOVE**

Approved as to Form and Content By:

_____
Russell Brown, Trustee

*[signature]*

_____
Tom McAvity
Attorney for Debtors

The Debtor certifies: All required State and Federal Income tax returns have been filed. No domestic support obligation is owed or, if owed, such payments are current since the filing of the Petition.

*[signature: Janine Ann Whelan]*

Janine Ann Whelan
Debtor

- 4 -

In re Whelan
Case No. 2-19-BK-11415-SHG